# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| LAURA DWYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-3088 |
| ) | |
| WALMART INC., d/b/a SAM'S CLUB, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion L.L.C, removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, a certain civil action designated as No. 2021-L-198, in which Laura Dwyer is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Sangamon County, Illinois, which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

**AMOUNT IN CONTROVERSY**

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. In her complaint, plaintiff claimed that, as a result of the alleged incident, she sustained bruising, lacerations, and other "injuries" (Complaint, ¶ 5).

9. Plaintiff's complaint did not allege any specific amount for his damages other than that she sought damages for a sum "in excess of $50,000" (Complaint).

10. Defendant bears the burden of proving, by a preponderance of the evidence, that an action meets the minimum amount in controversy. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-2 (7th Cir. 2006). The Seventh Circuit requires a defendant who wishes to remove a suit in which the complaint lacks an ad damnum that establishes the amount in controversy is over $75,000 to establish a "reasonable probability" that the amount in controversy is in excess of $75,000. *See e.g., Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006). Even when a complaint seeks damages in excess of $50,000 and alleges physical pain and suffering, these allegations alone, absent competent proof, are not sufficient to establish the amount in controversy. *See e.g.*, *McMillian v. Sheraton Chi. Hotel & Towers,* 567 F.3d 839, 844-845 (7th Cir. 2009); *Oshana v. Coca-Cola Co.,* 472. F.3d. 506, 511 (7th Cir. 2006) (An estimate of the amount in controversy must be it must be supported by a preponderance of the evidence); *Sterling*

*v. Wal-Mart Stores, Inc.,* 17-CV-1395-SMY-DGW; *Tooley v. Washington Group Int'l,* 2009 WL 102926, at *1 (C.D. Ill. Jan. 13, 2009).

11. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

12. On April 25, 2022, counsel for plaintiff served plaintiff's discovery responses and production on defendant's counsel via E-Mail. Plaintiff's discovery production indicated that she had sustained multilevel cervical disc injury and incurred $25,122.00 in medical bills to date as a result of the alleged incident.

13. Further, based on the medical records produced on April 25, 2022, plaintiff's treating physicians have recommended a four-level cervical decompression and fusion for her multilevel cervical disc injury.

14. Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before April 25, 2022, because defendant had limited knowledge of plaintiff's medical bills and treatment, and no indication that plaintiff had a condition that might necessitate surgery and the costs attendant to surgery, including the cost of the surgeon, the anesthesiologist, hospitalization, and post-surgical physical therapy and monitoring.

15. Based on the alleged past and future medical expenses, alleged pain and suffering, alleged loss of enjoyment of a normal life, alleged loss income, a disclosed future surgical procedure, and $25,122.00 in disclosed medical expenses, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

16. Plaintiff filed the Complaint on November 16, 2021. Defendant received the records establishing the amount in controversy on April 25, 2022.

17. This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

18. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

19. A copy of this notice of removal was filed with the Seventh Judicial Circuit, Sangamon County, Illinois, as required by 28 U.S.C. §1446(d).

20. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., remove this case to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall affect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION L.L.C.

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Nicholas C. Martin, #6324298
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    jdefranco@rssclaw.com
    nmartin@rssclaw.com
    ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAURA DWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-3088 |
| | ) |
| WALMART INC., d/b/a SAM'S CLUB, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 25th day of May 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| LAURA DWYER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WALMART INC., d/b/a SAM'S CLUB, )<br>)<br>Defendant. ) | Case No. 3:22-cv-3088 |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 25th day of May 2022, he sent by e-mail, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 25th day of May 2022, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Seventh Judicial Circuit Court, Sangamon County Courthouse, Illinois.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 25th day of May 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC

Page 7 of 7
**Case No. 3:22-cv-3088**